# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 21-0397V**
UNPUBLISHED

| | |
|---|---|
| GLORIA GUERRERO, | Chief Special Master Corcoran |
| Petitioner, | Filed: April 27, 2022 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Pre-Assignment Review; Attorney's Fees and Costs; Reasonable Basis; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
| Respondent. | |

*David John Carney, Green & Schafle LLC, Philadelphia, PA, for Petitioner.*

*Heather Lynn Pearlman, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 8, 2021, Gloria Guerrero filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA"), a defined Table Injury, after receiving the influenza vaccine on December 9, 2019. Petition at 1, ¶¶ 3, 9.

In the Petition, Ms. Guerrero indicated that she "is filing the instant Petition at this time to preserve [her] rights and claims under the current Vaccine Injury Table . . . [and] is still in the process of accumulating the necessary medical records that substantiate [her] vaccine injury." Petition at ¶¶ 10-11. She added that she normally "would not file this

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

case until all relevant medical records have been accumulated, but due to the Secretary's actions to remove SIRVA from the Vaccine Injury Table without any scientific or medical support, Petitioner's counsel has the obligation and legal duty to file the instant case." *Id.* at ¶ 11.

On May 26, 2021, Petitioner filed an amended petition, signed declaration,[3] and the medical records required under the Vaccine Act. Amended Petition, ECF No. 6; Exhibits 1-5, ECF No. 7. A review of these records revealed the lack of evidence establishing that she suffered the residual effects of her alleged SIRVA Injury for more than six months, and the vaccine record indicates Petitioner received the vaccine in her non-injured right arm, rather than left arm as alleged. On June 21, 2021, Petitioner was ordered to file additional documentation addressing these deficiencies. ECF No. 10.

In response, Petitioner filed a status report indicating that she "would like to voluntarily withdraw her claim from the Vaccine Program," but wished to confer with counsel before doing so. ECF No. 11. On August 30, 2021, she filed a motion to voluntarily dismiss her claim pursuant to Vaccine Rule 21(a). ECF No. 12. In the motion, Petitioner asserted that good faith and reasonable basis existed at the time the petition was filed and were maintained until a dismissal was requested. *Id.* at 3-5. She requested that she "be afforded the opportunity to make an application for reasonable attorneys' fees and costs." *Id.* at 5. On September 3, 2021, I issued an order concluding proceedings, dismissing Petitioner's claim without prejudice. ECF No. 13.

On March 21, 2022, Petitioner filed a motion seeking a total of $11,487.98 in attorney's fees and costs. Petitioner's Application for Attorney's Fees ("Motion"), ECF No. 15. Petitioner did not include additional argument regarding the requirements of good faith and reasonable basis in the motion. *Id.* Maintaining that Petitioner has failed to establish there was a reasonable basis for his claim, Respondent opposes Petitioner's request. Respondent's Objection to Motion ("Opp."), filed Apr. 1, 2022, ECF No. 16.

For the reasons discussed below, Petitioner has failed to establish there was a reasonable basis for her claim. Thus, she is not entitled to an award of attorney's fees and costs, and the fees motion is therefore denied.

## I.    Legal Standard

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that attorneys' fees and costs may be awarded even in unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in*

---

[3] Petitioner's declaration was signed under penalty of perjury as required by 28 U.S.C.A. § 1746.

1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S.Ct. 1886, 1895 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed). As Judge Lettow noted in *Davis*, "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Hum. Servs.*, 105 Fed. Cl. 627, 634 (2012). It may be the only federal fee-shifting statute that permits unsuccessful litigants to recover fees and costs.

However, Congress did not intend that every losing petition be automatically entitled to attorney's fees. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). And there is also a prerequisite to even obtaining fees in an unsuccessful case. The special master or court may award attorney's fees and costs in a case in which compensation was not awarded only if "that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Reasonable basis is a prerequisite to a fee award for unsuccessful cases – but establishing it does not automatically *require* an award, as special masters are still empowered by the Act to deny or limit fees. *James-Cornelius on behalf of E. J. v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

As the Federal Circuit explained, whether a discretionary fees award is appropriate involves two distinct inquiries – a subjective one when assessing whether the petition was brought in good faith and an objective one when ascertaining whether reasonable basis existed. *Simmons v. Sec'y of Health & Hum. Servs.,* 875 F.3d 632, 635 (quoting *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 289 (2014)). "Good faith is a subjective test, satisfied through subjective evidence." *Cottingham v. Sec'y of Health & Hum. Servs.,* 971 F.3d 1337, 1344 (Fed. Cir. 2020) ("*Cottingham I*"). "[T]he 'good faith' requirement . . . focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).

Cases in which good faith has been found to be lacking often involve petitioners who failed to produce or actively concealed evidence undermining their claims. *Purnell-Reid v. Sec'y of Health & Hum. Servs.,* No. 18-1101V, 2020 WL 2203712 (Fed. Cl. Spec. Mstr. Apr. 6, 2020); *Crowding v. Sec'y of Health & Hum. Servs.,* No. 16-0876V, 2019 WL 1332797 (Fed. Cl. Spec. Mstr. Feb. 26, 2019); *Heath v. Sec'y of Health & Hum. Servs.*, No. 08-0086V, 2011 WL 4433646 (Fed. Cl. Spec. Mstr. Aug. 25, 2011); *Carter v. Sec'y of Health & Hum. Servs.*, No. 90-3659V, 1996 WL 402033 (Fed. Cl. Spec. Mstr. July 3, 1996).

"Additionally, a petitioner's attorney's conduct may also be relevant when evaluating good faith." *Purnell-Reid*, 2020 WL 2203712, at *6. "Counsel still have a duty to investigate a Program claim even if they reasonably find their client to be a credible individual." *Cortez v. Sec'y of Health & Hum. Servs.*, No. 09-0176V, 2014 WL 1604002, at *8 (Fed. Cl. Spec. Mstr. Mar. 26, 2014). Factors, such as a looming statute of limitations and the conduct of counsel, are properly considered when determining whether good faith exists – but *do not bear* on the claim's objective basis. *Simmons,* 875 F.3d at 636; *Amankwaa v. Sec'y of Health & Hum. Servs.*, 138 Fed. Cl. 282, 289 (2018) ("the effort that an attorney makes to investigate a claim or to ensure that a claim is asserted before the expiration of the statutory limitations period . . . are properly evaluated in determining whether a petition was brought in good faith").

"Reasonable basis, on the other hand, is an objective test, satisfied through objective evidence." *Cottingham I,* 971 F.3d at 1344. The reasonable basis requirement examines "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Hum. Servs.,* No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius*, 984 F.3d at 1379.

Although clearly easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Hum. Servs.,* 155 Fed. Cl. 665 at 671 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish *some evidence* in support of the claim.'" *Id.* (quoting *Chuisano,* 116 Fed. Cl. at 288, emphasis added in *Wirtshafter*). Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham I*, 971 F.3d at 1345-46. "This formulation does not appear to define reasonable basis so much as set its outer bounds." *Cottingham v. Sec'y of Health & Hum. Servs.,* --- Fed. Cl. ---, 2022 WL 1162730, at *3 (Fed. Cl. 2022) (*"Cottingham II").* "[T]he Federal Circuit's statement that a special master 'could' find reasonable basis based upon more than a mere scintilla does not mandate such a finding." *Cottingham II, 2022 WL 1162730, at *3* (citing *Cottingham I*, 971 F.3d at 1346).

Furthermore, the issue of reasonable basis is not a static inquiry. The reasonable basis which existed when a claim was filed may cease to exist as further evidence is presented. *Perreira*, 33 F.3d at 1377. In *Perreira,* the Federal Circuit affirmed a special

master's determination that reasonable basis was lost after Petitioner's "expert opinion, which formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Id.* at 1376.

## II.    Analysis

Petitioner maintains that the medical records, filed in May 2021, showed "a viable SIRVA claim with no alternative causes . . . [and] reasonably documented a causal link between Petitioner's influenza vaccine and Petitioner's SIRVA claim." Motion for Voluntary Dismissal at 3.  However, she did not address whether she suffered the residual effects or complications of her alleged SIRVA injury for more than six months, a requirement for both Table and non-Table claims. *See* Section 11(c)(1)(D)(i) (statutory six-month requirement). To justify filing her case before all relevant medical records had been accumulated, Petitioner emphasizes her motivation to precede the potential removal of SIRVA from the Vaccine Injury Table. Petition at ¶ 11.

Listing the *prima facie* elements for which objective evidence needs to be provided, Respondent argues that attorney's fees and costs should not be awarded in this case. Opp. at 1, 5-6 n.5 (citing *Cottingham I*, 971 F.3d at 1345-46). Specifically, he argues that Petitioner has not adequately addressed the discrepancies between her allegation and the vaccine record regarding the site of administration or provided the evidence needed to satisfy the statutory six-month requirement. Opp. at 6-7. He maintains that "Petitioner's claim lacked a reasonable basis when filed, and one was never established." *Id.* at 7.

Petitioner's arguments regarding the filing of this petition prior to counsel's review of the relevant medical records, and her subsequent dismissal once it was determined the records did not support her claim, are highly relevant to whether this petition was initiated in good faith – but they do not bear on the objective reasonable basis of the claim. Moreover, the Circuit and the Court have both plainly noted that determinations by counsel to "rush" filings, in order to evade a looming limitations cut-off, do not constitute the kind of objective proof in support of a claim required to satisfy the reasonable basis standard.

In *Simmons*, the Federal Circuit clearly held that the pending expiration of the Vaccine Act's statute of limitations would not convey a reasonable basis which would otherwise not exist, and that efforts to "beat the clock" in a filing should be considered only when determining whether good faith exists. *Simmons,* 875 F.3d at 636. Here, the rationale provided by Petitioner for the rushed January 2021 filing of his claim, without regard to some of its objective issues, is *less* compelling than the argument advanced by the *Simmons* petitioner. Unlike the Vaccine Act's statute of limitations, which would prohibit any claim filed after its expiration, the removal of SIRVA from the Table would *not*

prevent a petitioner from filing a causation-in-fact claim that was otherwise timely (i.e. filed within 36 months of onset). Because in this case Petitioner alleged receipt of a vaccine in December 2019, a non-Table claim would still have been viable as late as December 2022 – assuming onset in that same month.

While I am sympathetic to Petitioner's argument, as a matter of law it does not persuade. Petitioner's counsel could have confirmed that Petitioner received the type of pneumococcal vaccine which is covered by the Program – the Prevnar 13 vaccine as he believed, prior to filing this petition. However, because I have determined the claim lacks reasonable basis, I need not reach a conclusion regarding good faith.

The present record does not demonstrate the reasonable basis required for an attorney's fees and cost award. Petitioner filed only a minimal amount of medical records – and those that were filed revealed a lack the evidence needed to satisfy the statutory severity requirement. The most recent medical record was from an appointment on March 3, 2020, only three-months post-vaccination, indicating Petitioner's shoulder injury had fully resolved. Exhibit 4 at 4. And Petitioner failed to provide any additional medical records or other evidence regarding this threshold requirement.

This lack of evidence of six-month sequela renders Petitioner's claim untenable from the outset. And this is not a case in which the development of a fact, out of ambiguous records, *later* revealed that a claim that initially appeared viable in fact was not. As a result – and despite Petitioner's reasonable desire to file this claim in advance of an anticipated change in the law – I cannot find even a scintilla of evidence would have supported six-months of residual symptoms. In such circumstances, the Act places the risk of filing the claim on counsel, and does not allow an award of fees.

## III.    Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs even to an unsuccessful litigant as long as the litigant establishes the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought. Section 15(e)(1). In this case, Petitioner has not established there was a reasonable basis for filing her claim and there is evidence that good faith may also be lacking. **Petitioner's motion for attorney's fees and costs is <u>DENIED</u>.**

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master